IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GREENWOOD NURSERY, INC.
a Texas corporation,

   Plaintiff,

v.

HOME DEPOT, U.S.A., INC.
a Georgia corporation,

   Defendant.

CIVIL ACTION FILE
NO. 1:08-CV-216-TWT

ORDER

This is a breach of contract case dressed in the guise of an action for fraud. It is before the Court on the Defendant's Motion to Dismiss and Motion for Summary Judgment [Doc. 5]. For the reasons set forth below, the Defendant's Motion to Dismiss is GRANTED.

I. Background

The Plaintiff is an ornamental plant nursery located in Waxahachie, Texas. The Defendant is a home improvement retailer incorporated in the State of Georgia. For several years, the Plaintiff sold floral and ornamental plants to the Defendant. These transactions were governed by a contract known as a "Vendor Buying Agreement." In April 2004, the Defendant requested that all its vendors enter into new contractual

arrangements known as "Supplier Buying Agreements" ("SBA").  The Plaintiff, through an authorized officer, signed the Supplier Buying Agreement on April 28, 2004.  The Supplier Buying Agreements specified that Georgia law would apply in the event of disputes and restricting the bringing of "any claim or dispute against the Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute."  (Def.'s Mot. to Dismiss, Ex. B., at 14).

In April 2004, the Plaintiff alleges that buyers for the Defendant met at the Plaintiff's business to discuss various orders in the near future.  The parties orally agreed at the meeting that the Defendant would buy all existing plants and directed the Plaintiff to plant others.  After that meeting and continuing into the summer of 2004, the Defendant refused to accept the plants that were supposed to be ordered.  Frustrated, in May 2004, the Plaintiff's president, K.C. Browne, telephoned a buyer who was retiring from the Defendant.  The outgoing buyer, in the words of Browne, told the Plaintiff to "stick with Home Depot and be persistent" because the new buyer "would [not] last long as a Home Depot Buyer."  (Browne Aff. ¶ 22).  Ultimately, the plants "were dumped and the catastrophic loss resulted in the demise of Greenwood Nursery, Inc." (Comp. ¶ 24).  The Plaintiff filed suit in January 2008.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964).

The Defendant relies upon the terms of the SBA in urging dismissal of this action. The Plaintiff did not attach a copy of the document to its complaint. The Eleventh Circuit has stated that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997). More recently, the Eleventh Circuit has stated that reliance upon a document not attached to the complaint does not convert a motion to dismiss into a motion for summary judgment if the document is central to the plaintiff's claim and undisputed. <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134(11th Cir. 2002). In this case, the SBA satisfies the test of <u>Horsley</u>. Even though the Plaintiff has not plead a breach of contract, the SBA is central to the Plaintiff's claims because the SBA governs the entire business relationship between the Plaintiff and Defendant. It is proper to consider the attached contract without converting the Motion into one for summary judgment.

### III. Discussion

The Defendant never submitted a written purchase order during the 2004 growing year. The Plaintiff alleges claims of negligent misrepresentation or fraud and

promissory estoppel. It is clear that its allegations stem from a breach of an oral agreement. Although the Plaintiff does not plead a breach of contract, the Plaintiff argues that the statute of frauds should not bar the alleged oral agreement because it partially performed the contract. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 6). Under Georgia's relevant enactment of the statute of frauds, O.C.G.A. § 11-2-201, a contract for the sale of goods of at least $500 is unenforceable unless the contract was 1) written and 2) signed by the party against whom the contract is sought. Id. There are exceptions to the writing requirement: an oral contract can be enforced if the goods were specially manufactured for the buyer and not suitable for sale to others, if the defendant admits to the existence of a contract, or if the defendant received or accepted the goods. O.C.G.A. § 11-2-201(3). None of those exceptions apply here. Additionally, no written contract is needed if one merchant sends a written confirmation of a sale to another merchant and there is no protest within ten days. O.C.G.A. § 11-2-201(2). Although the Plaintiff and its representatives claim that they tried to orally confirm the order, the Plaintiff does not allege that it ever sent a written confirmation. (Comp. ¶ 22, 35).

The Plaintiff attempts to craft another exception into O.C.G.A. § 11-2-201 - the doctrine of partial performance. The Plaintiff notes that by the time "that Home Depot contends that the new contract [was signed], the order had already been placed

by Home Depot with Greenwood." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 6). Further, the acts of "carefully maintain[ing] the plants for Home Depot, and nurtur[ing] them for months, until it was too late to sell them, all the while refraining from selling the plants to another" should constitute part performance exempting the oral contract from the statute of frauds. (Id.). The Plaintiff cites a Fifth Circuit opinion applying Georgia's statute of frauds for the proposition that where a party partially performed an essential element, a contract may be enforced if the performance is "consistent with the presence of a contract and not inconsistent with the lack of a contract." Condrey v. SunTrust Bank of Georgia, 431 F.3d 191, 200 (5th Cir. 2005). Wading into that existential thicket is unnecessary; the Condrey court analyzed the part performance doctrine only in the context of a real estate contract, governed by O.C.G.A. § 13-5-31. Id. The Plaintiff does not cite to - nor could the Court discover - any Georgia authority holding that the doctrine of partial performance eviscerates the need for a writing under O.C.G.A. § 11-2-201 where the Defendant did not accept the goods or where the Plaintiff did not send a written confirmation. Cf. Imex International, Inc. v. Wires EL, 261 Ga. App. 329, 333 (2003) (part performance of sale of goods satisfied Statute of Frauds where seller sent a written confirmation in form of an invoice).

But, as stated, the Plaintiff did not allege a breach of contract claim. "[W]here a purported contract [is] not enforceable [due to the statute of frauds], such [does] not preclude a claim predicated on a theory of promissory estoppel." Sun-Pacific Enterprises, Inc. v. Girardot, 251 Ga. App. 101, 106 (2001). Georgia Supreme Court opinions are "indistinguishable and binding precedent on this point." Id. The elements for promissory estoppel in Georgia are (1) a promise by the defendant; (2) which the defendant should have reasonably expected to induce reliance; (3) the reliance on those promises to the plaintiff's detriment; and (4) the enforcement of the promise is the only way to avoid injustice. Pabian Outdoor-Aiken, Inc. v. Dockery, 253 Ga. App. 729, 732 (2002). The Defendant argues that the merger clause of the SBA eliminates any reasonable reliance on any oral representations by the Defendant's agents. Generally, this is true. See, e.g., Tampa Bay Financial, Inc. v. Nordeen, 272 Ga. App. 529, 535 (2005) ("Whether the promises were made, however, is simply not significant because, even if made, the promises themselves were contradicted by the merger clause and could not be reasonably relied upon."). Merger clauses likewise preclude recovery fraud claims. First Data POS, Inc. v. Willis, 273 Ga. 792, 795 (2001) ("In written contracts containing a merger clause . . . the violation of any such alleged oral agreement [cannot] amount to actionable fraud."). Yet the Plaintiff arguably alleged that the Defendant assured the Plaintiff it would buy the

plants after the SBA was signed.[1]  Oral promises do not merge into contracts - when the later promises do not contradict a material contract term - if the promisor continues to make the same representations after the contract is executed.  Sun Pacific Enterprises, 251 Ga. App. at 105.

Nevertheless, the action must be dismissed because, in the SBA, the parties limited the time in which one could raise a dispute.  The SBA specifies that the Plaintiff "agrees to bring any claim or dispute against the Home Depot (including payment disputes) within one year after the occurrence of the event giving rise to such dispute."  (Def.'s Mot. to Dismiss, Ex. B., at 14).  The Plaintiff argues that the one year limitation is ambiguous and therefore does not cover the alleged oral contract.  Because the Defendant drafted the SBA, the Plaintiff points out, any ambiguity in the contract should be construed against the Defendant.  The Plaintiff argues that the relevant provision of the SBA (¶ 14.6(d)) does not clearly state that a supplier need to bring a lawsuit within a year.  For support, the Plaintiff cites another provision of the SBA (Paragraph 14.6(c)), which mandates the venue for "any civil action." (Def.'s Mot. to Dismiss, Ex. B., at 14).  Accordingly, the SBA "[made] a clear

---

[1] When the Plaintiff's president, K.C. Browne, spoke with the outgoing buyer for the Defendant, the Defendant allegedly urged the Plaintiff to "stick with Home Depot."  Yet, these assurances may not have induced reasonable reliance - according to Browne's own affidavit, Browne inferred from this conversation that the new buyer could be fired for poor performance.  (Browne Aff. ¶ 22).

distinction between a claim or dispute, on the one hand, and a civil action filed in court to decide such dispute, on the other hand." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 7). Because this difference was contemplated, argue the Plaintiffs, if the Defendant really intended to require that civil actions be filed within a year of the dispute, it would have used that more specific term.

The Court does not find the clause to be ambiguous. While true that the term civil action was used earlier in the SBA, it was clearly meant to pertain to a more specific situation - where the supplier actually filed a lawsuit. The terms "claim or dispute" are necessarily more general because Paragraph 14.6(a) of the SBA mandates that any dispute be mediated as a condition precedent to a lawsuit. In other words, Paragraph 14.6(d) clearly means that the supplier must either mediate a claim or file a lawsuit within a year of the dispute's origination. As such, the terms "claim or dispute" encompass a civil action.

Furthermore, it is clear under the SBA that merely complaining to the Defendant was not sufficient to satisfy the requirement of bringing a claim or dispute within one year. First, the clause requires a party to *bring* a claim or dispute within a year. That more naturally implies bringing a lawsuit instead of making a telephone call. The meaning is further clear in the context of the preceding three subparagraphs, which discuss mediation, arbitration, and civil actions. The plain language of the SBA

precludes any action filed after the one year limitation period. Therefore, even if the merger clause does not per se eviscerate previous oral contracts under Georgia law, the Plaintiff did agree to bring its claim within one year of the disagreement.

Lastly, the Plaintiff argues that the SBA can not be enforced because it lacks mutuality of consideration. Under Paragraph 8.1 of the SBA, the Defendant has the right to "terminate or cancel any Order in whole or in part at any time before receipt of the merchandise without incurring any liability." (Def.'s Mot. to Dismiss, Ex. B., at 14). Georgia courts have held that "the unilateral right of termination removes the required element of mutuality from the contract." Pabian Outdoor-Aiken, Inc. v. Dockery, 253 Ga. App. at 732, *reconsideration denied* (Feb. 14, 2002). Pabian examined a ten-year real estate lease which gave the lessee a right of termination if, in the lessee's opinion, the location became "economically or otherwise undesirable." Id. at 729. The Pabian court found no consideration in the lease, relying in part on a 1921 Georgia Supreme Court case that "held that a contract for the continuing purchase of goods which gave the purchaser the right at any time to suspend deliveries was not binding." Id. at 730 (citing Nat. Surety Co. v. City of Atlanta, 151 Ga. 123) (1921)).

There is conflicting precedent from a 1990 Georgia Supreme Court case. See Davidson Mineral Properties, Inc. v. Baird, 260 Ga. 75, 78 (1990). In that opinion

(which dealt with mineral leases), the court considered whether "the Agreements are void for lack of mutuality of obligation because [one party] can unilaterally cancel the agreements at its discretion, which right the agreements expressly deny to the [other party]." Id. The court, citing two cases from 1958, found "no error" in upholding the termination clause. Id. In the instant case, the Court finds it more appropriate to uphold the termination clause. The termination clause in this case was much narrower than the one in Pabian. The Home Depot could not opt out of the entire contract, only individual purchase orders. As an additional restriction of the cancellation right, the Defendant could only cancel those individual orders before it received them. Furthermore, one commentator has noted the reluctance many courts have in finding inadequate consideration as "the prevalence of the implied duty of good faith now cures many promises which otherwise may have failed as illusory." JOHN K. LARKINS, JR., GEORGIA CONTRACTS: LAW AND LITIGATION § 5-2 (2007). At worst, even if the cancellation clause should be held unenforceable, the rest of the contract should remain valid. The cancellation clause consists of one paragraph of a sixteen page document, and is not implicated by the facts of this case.[2] For these reasons, the

---

[2] As the Defendant notes in its Motion to Dismiss, the termination clause could be a defense to a breach of contract claim; however, the Plaintiff did not plead breach of contract. The termination clause's validity is unrelated to the time limitation agreed upon in the SBA.

SBA's limitations period is enforceable and bars the claims asserted by the Plaintiff. Lastly, because the claims are excluded on the basis of the limitations period and not the termination clause, the Court need not consider whether the Defendant waived that clause under O.C.G.A. § 11-2-209.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 5] is GRANTED. Alternatively, the Defendant's Motion for Summary Judgment [Doc. 5] is GRANTED for the same reasons.

SO ORDERED, this 4 day of September, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge